UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM DIGIANNI,

                Plaintiff,

      -against-

PEARSON, INC.,

                Defendant.
------------------------------------------------------------x

**ORDER**

09 CV 5275 (RJD) (LB)

DEARIE, Chief Judge.

Pro se plaintiff is a frequent filer who incessantly brings claims for discrimination or retaliation pursuant to the Civil Rights Act of 1964.[1] This particular case arises from defendant Pearson's administration of the Liberal Arts and Science Test ("LAST") in connection with New York State's teacher certification process. Plaintiff alleges that his failure on the LAST

---

[1] See, e.g., DiGianni v. Nat'l Evaluation Sys. Inc., 05 CV 4983 (ERK) (dismissed by Order dated July 16, 2007); DiGianni v. Spitzer, 05 CV 5408 (ERK) (dismissed by Order dated July 31, 2006); DiGianni v. Bloomberg, 06 CV 392 (ERK) (dismissed by Order dated December 12, 2007); DiGianni v. N.Y. State Dep't of Educ., 08 CV 762 (RJD) (dismissed by Order dated October 8, 2009; mandamus petition denied as moot on December 16, 2009); DiGianni v. N.Y. State Dep't of Educ., 08 CV 923 (RJD) (consolidated with prior action); DiGianni v. AIG, 08 CV 4355 (RJD) (dismissed by Order dated March 31, 2010; plaintiff warned that sanctions may be forthcoming); DiGianni v. Orrick, Herrington & Sutcliffe, LLP, 09 CV 3653 (RJD) (dismissed as frivolous by Order dated September 30, 2009; plaintiff warned that he may be barred from future filings without first seeking leave); DiGianni v. N.Y. State Dep't of Educ., 09 CV 4941 (RJD) (dismissed by Order dated February 4, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Pearson, 10 CV 206 (RJD) (dismissed by Order dated May 14, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. AIG, 10 CV 1359 (RJD) (dismissed by order dated May 13, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. N.Y. City Dep't of Educ., 10 CV 1538 (RJD) (dismissed by Order dated May 27, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. New York City, 10 CV 2008 (RJD) (dismissed by Order dated June 1, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Bally's Total Fitness, 10 CV 2745 (RJD) (dismissed by Order dated November 12, 2010, for plaintiff's failure to pay the filing fee); DiGianni v. Pearson, 10 CV 4470 (RJD) (dismissed as frivolous by Order dated December 8, 2010; plaintiff warned that he may be barred from future filings without first seeking leave).

was the result of retaliation by defendant for plaintiff's previously filing lawsuits alleging discrimination and retaliation.

On July 22, 2010, Magistrate Judge Lois Bloom issued a Report and Recommendation ("R&R") concluding that plaintiff's complaint should be dismissed for failure to serve defendant with a summons and complaint within the time allowed by Federal Rule of Civil Procedure 4(m). The R&R sets forth the relevant procedural history. On August 2, 2010, plaintiff filed objections to the R&R. On September 30, 2010, plaintiff instigated a brand new action claiming that the circumstances surrounding plaintiff's alleged attempt to serve process in this case represented an independent act of actionable retaliation by defendant. By Order dated December 8, 2010, the Court dismissed that action as frivolous. See DiGianni v. Pearson, 10 CV 4470 (RJD).[1]

In his rambling objections to the R&R, plaintiff states that "[n]o longer is this case about the issues at hand," and declares that, due to defendant's failing to appear despite not having been properly served, plaintiff has "WON ON A TECHNICALITY." (Objections to R&R, Dkt. #19, at 2.) Plaintiff then accuses this Court of "represent[ing] the defendants" and of "violating the US Constitution." (Id.) Suffice it to say, these objections are not persuasive on the service issue. Plaintiff also seeks to depose the mailroom attendant with whom plaintiff allegedly left the summons and complaint. That request is denied.

The Court adopts Judge Bloom's R&R in its entirety and dismisses the action for plaintiff's failure to comply with Rule 4(m). See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). Further, as the current allegations highly resemble those in prior frivolous lawsuits, the Court dismisses plaintiff's complaint with prejudice. See Livingston v. Adirondack

---

[1] Plaintiff has yet another retaliation action, arising from a different alleged test-taking episode, pending against the same defendant in this Court. See DiGianni v. Pearson, 09 CV 1760 (RJD).

Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998); Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

Although plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and denies in forma pauperis status for purposes of appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
February 8, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge